## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **AP GLOBAL, INC.,** | |
| *Plaintiff*, | |
| **v.** | |
| **AMAZON.COM, INC.,** **PATH GAMING,** **ALIZERO DIRECT,** **AFUOWER,** **KERROGEE,** **TRAVEASE,** **TRUNAB DIRECT,** **ZADII, AND** **LODRID DIRECT,** | **C.A. No.: 6:21-cv-_____** **JURY TRIAL DEMANDED** |
| *Defendants*. | |

## COMPLAINT

This is an action for patent infringement, trade dress infringement, unfair competition and false designation of origin in which Plaintiff AP Global, Inc. ("AP Global" or "Plaintiff"), complains against Defendants Amazon.com, Inc. ("Amazon"), Path Gaming ("Path Gaming"), Alizero Direct ("Alizero"), Afuower ("Afuower"), Travease ("Travease"), Trunab Direct ("Trunab"), Kerrogee ("Kerrogee"), Zadii ("Zadii") and LoDrid  Direct ("LoDrid") (collectively "Defendants"), as follows:

## THE PARTIES

1.      Plaintiff is a California corporation with a principal place of business at 2326 Townsgate Rd., Westlake Village, CA 91361.

2.      On Information and belief, Defendant Amazon is a Washington corporation with a principal place of business at 410 Terry Avenue North, Seattle, Washington 98109. Amazon has a

**COMPLAINT**                                                                                                 **Page 1**

regular and established place of business at 11501 Alterra Pkwy Austin, TX 78758. Amazon may be served with process through its registered agent Corporation Service Company.

3.       On information and belief, Path Gaming is a Canadian based company with a principal place of business, based the seller profile page provided by Amazon, at 1500 West Georgia St, Suite 1300, Vancouver, BC V6G 2Z6.  On information and belief, Path Gaming has an additional place of business at 7090 Edmonds Street, Burnaby, BC, Canada. Path Gaming may be served via the Hague Convention.

4.       On information and belief, Defendant Alizero Direct is a Chinese based company with a principal place of business based the seller profile page provided by Amazon, at luohuqudongxiaojiedaodongxiaoshequ jindaotianlu1133haotejianshenghuoxiaoqu3 dongerdangyuan603 Shenzhen, Guangdong 518000.  On information and belief, Alizero has an additional place of business at 603, Unit 2, Building 3, Special Inspection Living Community, No. 1133, Jindaotian Road, Dongxiao Community, Dongxiao Street, Luohu District, Shenzhen. Alizero may be served via the Hague Convention and the Chinese Ministry of Justice.

5.       On information and belief, Defendant Afuower is a Chinese based company with a principal place of business based the seller profile page provided by Amazon, at Room 407, Fourth Floor, 509 Gongren north road, Futian Street, Yiwu, Zhejiang 322000.  On information and belief, Afuowee has an additional place of business at Room 305, No. 509, Workers North Road, Futian Street, Yiwu City, Zhejiang Province. Afuower may be served via the Hague Convention and the Chinese Ministry of Justice.

6.       On information and belief, Defendant Kerrogee is a Chinese based company with a principal place of business based the seller profile page provided by Amazon, at 8413, Room 112, Building 10, Lang 689, No. 21, Changing Road, Jiangbei District, Ningbo, Zhejiang 315000.

**COMPLAINT**                                                                                                      **Page 2**

On information and belief, Kerrogee has an additional place of business at Trustee 8413, Room 112, Building 10, No. 21, Lane 689, Changxing Road, Jiangbei District, Ningbo City, Zhejiang Province. Kerrogee may be served via the Hague Convention and the Chinese Ministry of Justice.

7.      On information and belief, Defendant Travease is a Chinese based company with a principal place of business based the seller profile page provided by Amazon, at Jiangdongjiedaofancun81zhuang2danyuan301shi,   Yiwushi,   Zhejiangsheng,   322000.      On information and belief, Travease has an additional place of business at Room 301, Unit 2, Building 81, Fan Village, Jiangdong Street, Yiwu City, Zhejiang Province. Travease may be served via the Hague Convention and the Chinese Ministry of Justice.

8.      On information and belief, Defendant Trunab is a Chinese based company with a principal place of business based the seller profile page provided by Amazon, at 杏林湾路1655号 2603室, 厦门, 集美区, 福建, 361024.  On information and belief, Trunab has an additional place of business at No. 562, Sunban North Road, Jimei District, Xiamen (3# Workshop 4th Floor). Trunab may be served via the Hague Convention and the Chinese Ministry of Justice.

9.      On information and belief, Defendant Zadii is a Chinese based company with a principal place of business based the seller profile page provided by Amazon, at 201, Yidasheng Building, No. 5 Wuhe Blvd, South Bantian St., Shenzhen, Guangdong 518129.  On information and belief, Zadii has an additional place of business at 201, Yidasheng Building, No. 5 Wuhe Blvd, South Bantian St., Shenzhen, Guangdong 518129. Zadii may be served via the Hague Convention and the Chinese Ministry of Justice.

10.      On information and belief, Defendant LoDrid is a Chinese based company with a principal place of business based the seller profile page provided by Amazon, at Dongqiaojingjikaifaqu Guangminglu 1hao, Bichengyunting 9zhuang 2ti 1506shi, Ningdeshi,

**COMPLAINT**                                                                                      **Page 3**

Fujiansheng, 352100, CN.  LoDrid may be served via the Hague Convention and the Chinese Ministry of Justice.

## JURISDICTION AND VENUE

11.      This is an action for patent infringement, trade dress infringement, false designation of origin, and unfair competition under 35 U.S.C. §271 and Section 43(a) of the Lanham Act (15 U.S.C. §1125 (a)). This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under patent law and federal Lanham Act.

12.      This Court has personal jurisdiction over Defendants' acts of selling counterfeits of Plaintiff's goods committed in the Western District of Texas, within the jurisdiction of this Court. Defendants have engaged in substantial activities within Texas and this judicial district and have had substantial contacts there, having purposely availed themselves of the privilege of conducting activities in the forum. Defendants have caused injury to Plaintiff within Texas and within this judicial district.

13.      Venue is proper in this district pursuant to 28 U.S.C § 1391 as Defendants may be found or transact business in this district and a substantial part of the events giving rise to Plaintiff's claims occurred and are continuing to occur in this district.  Defendant Amazon has several offices and warehouses within this district, and therefore venue is proper as to Amazon.  Defendants Trunab, Alizero, Afuower, Kerrogee, Travease, Zadii and LoDrid are Chinese corporations with no offices within the United States and therefore may be sued in any federal court, including this judicial district. Defendant Path Gaming is a Canadian corporation with no offices within the United States and therefore can likewise be sued in any federal court, including this judicial district.

## STATEMENT OF FACTS

14.     Plaintiff is a global wholesale and retail manufacturer of consumer good. One line of products sold under the ENHANCE brand name includes game bags and backpacks for use in role player games ("RPGs"), such as Dungeons & Dragons. Plaintiff also produces under the ENHANCE brand name bags for use with board games and card games. Heavy.com, an online magazine, featured the ENHANCE RPG game bag as one of the best 7 gaming bags. Another online magazine, Tangible Day, featured the ENHANCE RPG game bag as one of its best 13 game bags on the market. The ENHANCE bags have over 2000 ratings on Amazon and have been featured on multiple YouTube channels by different influencers. Plaintiff sells the ENHANCE game bags and backpacks in interstate commerce. Plaintiff has sold these worldwide to retailers who sell them over the internet, including Amazon.com, and other trade channels prior to the acts complained herein, and is continuing to do so today. It has extensively advertised its goods over the internet and other channels in major markets. Plaintiff has engaged in a multi-year advertising campaign to promote the brand, including participation in various trade shows. As evidenced by the glowing reviews referenced above, the non-functional aspects of the ENHANCE product designs are inherently distinctive and have taken on secondary meaning in the marketplace prior to Defendants' first offers for sale of any identical or similar counterfeit product designs.

15.     AP Global has obtained design patents covering the design of the ENHANCE game bags and backpacks.

16.     Further, the design of the ENHANCE line of game bags and backpacks have gained secondary meaning in the market and are protectable trade dress.

**COMPLAINT**                                                                                              **Page 5**

## THE ASSERTED PATENTS

17.     AP Global in connection with its work creating and developing consumer products, has applied for and obtained United States design patents directed at the ENHANCE line of game bags and backpacks.

18.     The first issued patent among these patents is United States Patent No. D915,770 ("the '770 Patent") entitled "Gaming Bag" issued by the United States Patent and Trademark Office on April 13, 2021, a true copy of which is attached as Exhibit 1.

19.     Inventor Robert Breines is a resident of California and is an employee of AP Global now and during the time he conceived of each of the designs described in the Asserted Patents.

20.     AP Global is the owner by assignment of the '770 Patent and owns all right, title, and interest in the '770 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '770 Patent.

21.     The '770 Patent is a design patent relating to gaming bags having several unique and distinct features. These features include a compartment bag with mini-figure storage, metal zippers, leather buckle, map holder storage, removable foam tray for figure storage, book storage with dividers, side pockets for storage and a large front accessory pocket with additional interior storage.

22.     The inventor of the `770 Patent recognized that a gaming bag was needed for RPG players that includes storage for all components and pieces of the RPG games for which it was designed.

23.     The second issued patent is United States Patent No. D912,976 ("the '976 Patent") entitled "Backpack" issued by the United States Patent and Trademark Office on March 16, 2021, a true copy of which is attached as Exhibit 2.

24.     Robert Breines is also the inventor of the '976 Patent.

**COMPLAINT**                                                                                    **Page 6**

25.     AP Global is the owner by assignment of the '976 Patent and owns all right, title, and interest in the '976 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '976 Patent.

26.     The '976 Patent is a design patent relating to gaming backpacks having several unique and distinct features. These features include two front compartments, the top compartment being secured by a buckle, metal zippers, two straps for wearing the backpack, and a side strap to secure the contents of the top compartment.

27.     The inventor of the `976 Patent recognized that a gaming backpack was needed for RPG players that includes storage for all components and pieces of the RPG games for which it was designed and is easy to carry.

28.     The third issued patent is United States Patent No. D912,974 ("the '974 Patent") entitled "Backpack" issued by the United States Patent and Trademark Office on March 16, 2021, a true copy of which is attached as Exhibit 3.

29.     Robert Breines is also the inventor of the '974 Patent.

30.     AP Global is the owner by assignment of the '974 Patent and owns all right, title, and interest in the '974 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '974 Patent.

31.     The '974 Patent is a design patent relating to gaming backpacks having several unique and distinct features. These features include three front compartments, a top compartment being secured by a buckle, metal zippers, two straps for wearing the backpack, and a side strap to secure the contents of compartments.

**COMPLAINT**                                                                                      **Page 7**

Case 6:21-cv-01157-ADA   Document 1   Filed 11/10/21   Page 8 of 17

32.     The inventor of the `974 Patent recognized that a gaming backpack was needed for RPG players that includes storage for all components and pieces of the RPG games for which it was designed and is easy to carry.

## THE INFRINGING INSTRUMENTALITIES

33.     Since at least February 20, 2020, Amazon has owned and operated a website (amazon.com) that is offering for sale and selling counterfeit goods shaped in Plaintiff's distinctive design patents and trade dress (game bag with map holder, distinctive compartments, zippers, and side bags). An example of Amazon's website offering the counterfeit goods for sale are attached hereto as Exhibit 4.

34.     Since at least December 24, 2020, Trunab has offered for sale and sold counterfeit goods shaped the same or substantially similar to Plaintiff's Asserted Patents and including Plaintiff's distinctive trade dress (game bag with map holder, distinctive compartments, zippers, and side bags). A comparison of Trunab's counterfeit bags with the ENHANCE trade dress and the '770 Patent is attached hereto as Exhibit 5. Trunab has further engaged in systematic copying and counterfeiting of other game bags (including a game bag backpack) from AP Global as can be seen in Exhibit 6 in violation of the '974 and '976 Patents and Plaintiff's trade dress.

35.     Since at least February 20, 2020, Path Gaming has offered for sale and sold counterfeit goods shaped the same or substantially similar to Plaintiff's '770 Patent and including Plaintiff's distinctive trade dress (game bag with map holder, distinctive compartments, zippers, and side bags). A comparison of Path Gaming's counterfeit bags with the ENHANCE trade dress and the '770 Patent is attached hereto as Exhibit 7.

36.     Since at least July 1, 2020, Alizero has offered for sale and sold counterfeit goods shaped the same or substantially similar to Plaintiff's '770 Patent and including Plaintiff's

**COMPLAINT**                                                                                   **Page 8**

distinctive trade dress (game bag with map holder, distinctive compartments, zippers, and side bags). A comparison of Alizero's counterfeit bags with the ENHANCE trade dress and the '770 Patent is attached hereto as Exhibit 8.

37.    Since at least September 5, 2020, Afuower has offered for sale and sold counterfeit goods shaped the same or substantially similar to Plaintiff's '770 Patent and including Plaintiff's distinctive trade dress (game bag with map holder, distinctive compartments, zippers, and side bags). A comparison of Afuower counterfeit bags with the ENHANCE trade dress and the '770 Patent is attached hereto as Exhibit 9.

38.    Since at least January 17, 2021, Kerrogee has offered for sale and sold counterfeit goods shaped the same or substantially similar to Plaintiff's '770 Patent and including Plaintiff's distinctive trade dress (game bag with map holder, distinctive compartments, zippers, and side bags). A comparison of Kerrogee's counterfeit bags with the ENHANCE trade dress and the '770 Patent is attached hereto as Exhibit 10.

39.    Since at least December 1, 2020, Travease has offered for sale and sold counterfeit goods shaped the same or substantially similar to Plaintiff's '770 Patent and including Plaintiff's distinctive trade dress (game bag with map holder, distinctive compartments, zippers, and side bags). A comparison of Travease's counterfeit bags with the ENHANCE trade dress and the '770 Patent is attached hereto as Exhibit 11.

40.    Since at least December 3, 2020, Zadii has offered for sale and sold counterfeit goods shaped the same or substantially similar to Plaintiff's '770 Patent and including Plaintiff's distinctive trade dress (game bag with map holder, distinctive compartments, zippers, and side bags). A comparison of Zadii's counterfeit bags with the ENHANCE trade dress and the '770 Patent is attached hereto as Exhibit 12.

41.     Since at least September 9, 2021, LoDrid has offered for sale and sold counterfeit goods shaped the same or substantially similar to Plaintiff's '770 Patent and including Plaintiff's distinctive trade dress (game bag with map holder, distinctive compartments, zippers, and side bags). A comparison of Zadii's counterfeit bags with the ENHANCE trade dress and the '770 Patent is attached hereto as Exhibit 13.

42.     The counterfeit goods identified in Exhibits 4-13 are hereinafter referred to as "Counterfeit Goods."

43.     Without any authorization or license from Plaintiff, Defendants have knowingly and willingly used and continue to use Plaintiff's Asserted Patents and trade dress in commerce in connection with the operation and maintenance of their websites and e-commerce sales in attempts to trade on the good name and reputation of the ENHANCE brand. A chart identifying each of Defendant's Counterfeit Goods and each allegation of infringement of Plaintiff's design patents and trade dress is attached as Exhibit 14.

44.     The Counterfeit Goods are not genuine Plaintiff's products. Plaintiffs did not manufacture or package the Counterfeit Goods and did not approve of their sale and/or distribution.

45.     Defendants' use of Plaintiff's Asserted Patents and trade dress on or in connection with the manufacture, advertising, marketing, distribution, offer for sale and the sale of the Counterfeit Goods is likely to cause confusion, or to cause mistake or to deceive.

46.     By reason of Defendants' acts complained of herein, Plaintiff has suffered and continues to suffer monetary damages in an amount thus far not determined.

47.     Defendants' wrongful conduct has deprived Plaintiff of goodwill and injured Plaintiff's relationship with the general public.

48.     As a result of Defendants' conduct, Plaintiff is suffering and will continue to suffer irreparable harm and damage. Defendants will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable injury. Plaintiff's remedy at law is not adequate to compensate for the injuries suffered.

49.     Defendants will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable injury. Plaintiff's remedy at law is not adequate to compensate for the injuries suffered.

<u>COUNT I</u>

<u>INFRINGEMENT OF UNITED STATES PATENT NO. D915770</u>

50.     AP Global incorporates paragraphs 1 through 49 as though fully set forth herein.

51.     The Defendants have been and continue to directly infringe the '770 Patent by making, using, offering for sale, and/or selling the Counterfeit Products in the United States in violation of 35 U.S.C. § 271(a). The Counterfeit Products include those identified in Paragraphs 32-43 above and further identified in Exhibits 4-14.

52.     The Counterfeit Products are the same or substantially similar to the designs in the '770 Patent as shown in Exhibits 4-14.

53.     In addition, or in the alternative, Defendants have been and are now directly infringing one or more claims of the Asserted Patents under the doctrine of equivalents. Defendants' Counterfeit Products are the same or substantially similar to the '770 Patent.

54.     AP Global has been damaged by Defendants' infringing activities.

<u>COUNT II</u>

<u>INFRINGEMENT OF UNITED STATES PATENT NO. D912976</u>

55.     AP Global incorporates paragraphs 1 through 54 as though fully set forth herein.

56.     The Defendants Trunab and Amazon have been and continue to directly infringe the '976 Patent by making, using, offering for sale, and/or selling the Counterfeit Products in the United States in violation of 35 U.S.C. § 271(a). The Counterfeit Products include those identified in Paragraph 17 above and further identified in Exhibits 6 and 14.

57.     The Counterfeit Products are the same or substantially similar to the designs in the '976 Patent as shown in Exhibits 6 and 14.

58.     In addition, or in the alternative, Defendants Trunab and Amazon have been and are now directly infringing one or more claims of the Asserted Patents under the doctrine of equivalents. Defendants' Counterfeit Products are the same or substantially similar to the '976 Patent.

59.     AP Global has been damaged by Defendant Trunab and Amazon's infringing activities.

### COUNT III

### INFRINGEMENT OF UNITED STATES PATENT NO. D912974

60.     AP Global incorporates paragraphs 1 through 59 as though fully set forth herein.

61.     The Defendants Trunab and Amazon have been and continue to directly infringe the '974 Patent by making, using, offering for sale, and/or selling the Counterfeit Products in the United States in violation of 35 U.S.C. § 271(a). The Counterfeit Products include those identified in Paragraph 34 above and further identified in Exhibits 6 and 14.

62.     The Counterfeit Products are the same or substantially similar to the designs in the '974 Patent as shown in Exhibit 6.

63.     In addition, or in the alternative, Defendants Trunab and Amazon have been and are now directly infringing one or more claims of the Asserted Patents under the doctrine of

equivalents. Defendants' Counterfeit Products are the same or substantially similar to the '974 Patent.

64.    AP Global has been damaged by Defendant Trunab and Amazon's infringing activities.

## COUNT IV

## FEDERAL TRADE DRESS INFRINGEMENT

65.    Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 – 64 as though fully set forth herein.

66.    Plaintiff alleges federal trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.    Plaintiff has used the distinctive game bag and backpack trade dress for its goods in interstate commerce continuously since November 13, 2018, Plaintiff has invested substantial time, effort and financial resources promoting its trade dress in connection with the marketing and sale of its goods in interstate commerce. Images of Plaintiff's genuine trade dress are attached as Exhibits 4-14.

68.    Plaintiff's game bag and backpack trade dress is nonfunctional and distinctive.

69.    Plaintiff's game bag and backpack trade dress has secondary meaning in the marketplace in that consumers associate that trade dress with a single source of origin. They are likely to make that same association when the trade dress is used in connection with another manufacturer's product.

70.    Defendants manufacture, distribute, advertise, offer to sell and sell goods in interstate commerce, including game bags and backpacks using a trade dress that is identical or substantially similar to Plaintiff's game bags and backpacks. Images of Defendants' trade dress

**COMPLAINT**                                                                                          **Page 13**

compared to Plaintiff's game bags and backpacks are attached as Exhibits 4-13. Plaintiff did not authorize or license the use of its distinctive trade dress on or in connection with the infringing goods.  On information and belief, Defendants have distributed, advertised, sold and offered the infringing goods for sale using Plaintiff's trade dress with the intention of misleading, deceiving or confusing consumers as to the origin of the goods and of trading on Plaintiff's reputation and good will.

71.     Defendants' advertising, distribution, selling and/or offering for sale infringing products are copied from and confusingly similar to Plaintiff's game bags and backpacks and are likely to cause confusion on the part of purchasers and potential purchasers in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72.     Defendant's unauthorized use of Plaintiff's trade dress in interstate commerce on or in connection with the sale of goods as described above constitutes direct or contributory trade dress infringement under 15 U.S.C. § 1125(a).

73.     As a direct and proximate result of Defendant's trade dress infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and good will and Defendant has acquired and will continue to acquire unfairly income, profits and goodwill.

74.     Defendant's acts of trade dress infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by the Court from further violations of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## **COUNT IV**

## **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

75.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 – 74 as though fully set forth herein.

**COMPLAINT**                                                                                          **Page 14**

76.     Plaintiff alleges federal unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77.     By misappropriating and using Plaintiff's distinctive trade dress in commerce, Defendants misrepresent and falsely describe to the general public the origin and source of the infringing goods and creates a likelihood of confusion by purchasers as to the source of the merchandise.

78.     Defendants' unauthorized and unlicensed advertising, distribution, offering for sale and/or selling of the infringing goods in interstate commerce creates express and implied misrepresentations that those goods were created, authorized, or approved by Plaintiff, which will damage Plaintiff, deceive the public, and profit Defendants.

79.     Upon information and belief, Defendants have distributed, advertised, sold and offered their infringing goods in interstate commerce using the Plaintiff's trade dress with the intention of misleading, deceiving or confusing consumers as to the origin of their goods and of trading on Plaintiff's reputation and goodwill.

80.     Defendants' unauthorized marketing and sale of the infringing goods in interstate commerce using Plaintiff's trade dress constitutes a use of false designation of origin and false representation that wrongfully and falsely designates Defendant's products as originating from or connected with Plaintiff, in violation of 15 U.S.C. § 1125(a).

81.     As a direct and proximate cause of Defendants' acts of unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendants have unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

82.     Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter:

(a) A judgment and order enjoining Defendants from further infringement of Plaintiff's patents and trade dress;

(b) A judgment and order requiring Defendants to pay Plaintiff damages adequate to compensate for the infringement of its patents and trade dress;

(c) A judgment and order requiring Defendants to pay statutory damages;

(d) A judgment and order requiring Defendants to pay treble damages and profits from their infringement;

(e) A judgment and order requiring Defendants  to pay all of Plaintiff's costs and attorney's fees; and

(f) Any and all further necessary relief as the Court may deem just and proper under the circumstances.

Dated: November 10, 2021

Respectfully submitted,

**BUETHER JOE & COUNSELORS, LLC**

By: */s/ Christopher M. Joe*
    Christopher M. Joe
    State Bar No. 00787770
    Chris.Joe@BJCIPLaw.com

    1700 Pacific Ave
    Suite No. 4750
    Dallas, TX 75201
    Direct 214.466.1272
    Fax 214.635-1828

**ATTORNEYS FOR PLAINTIFF**
**AP GLOBAL, INC.**